is Ahmed, the Commissioner Of Internal Revenue, Mr. Colasanto, and Mr. Wasserman. And whenever you're ready, Mr. Colasanto. Good morning. May it please the Court, my name is Philip Colasanto from Agustin & Associates and I represent the appellant, Mr. Faiz Ahmed. I'd like to request three minutes for rebuttal, please. That's fine. Thank you, Your Honor. The issue today is whether a deposit moots the procedural safeguards and the fair hearing requirements under 6330 in a CDP case. Verification is required in all CDP cases. And what kind of test? I mean, the argument is that there should be a facts and circumstances test applied. Various courts have given various factors that would go into that. If you were to apply that test, why should we apply it here? Well, the three factors that I think should be applied are the timing of assessment, the intent of the taxpayer, and the treatment of the remittance by the commissioner. That's basically from the Moran case from the Seventh Circuit. There's others. There's Crowling from the Federalist. I mean, it's all over the ballpark. Yes, Your Honor. I think the intent of the taxpayer is the fundamental inquiry. When you make a remittance, what are you intending for the remittance to be? Does the facts and circumstances test even survive the codification of periods in which the taxpayer can submit a remittance? In other words, with the letter that the court put out to counsel to be prepared to discuss, why shouldn't we think about the statutory periods that have been set up for remittance as exclusive? Well, I think that the 6672C mechanism is separate and distinct from collection. 6672, I think, is but one way a taxpayer can submit a remittance and challenge underlying liability in the district court. Once the Pension Protection Act was enacted in 2006 and the tax court had greater jurisdiction, including the trust fund recovery penalty and the underlying liability, I think that change, and if a deposit is allowed in the CDP case, I think it would be allowed in the trust fund recovery penalty case, even regardless of 6672C. Using the facts and circumstances test. Yes, Your Honor. Okay. Obviously, you've got three things, as I see it. You've got a notice, 1153 letter that says, here's what we think, and we're going to assess at some point. Then you have the assessment. Then you have the liens. Is that correct? Yes, Your Honor. And your argument here is that the notice went out was incorrect. In fact, the tax court found it was incorrect. Well, I think the tax court found that it wasn't verified that it was correct. So at this point, I think it's... Because there were, quote, anomalies and other things that needed to be... Yes, Your Honor. It was essentially the mootness was almost premature. We don't know at this point whether or not there was a proper assessment made. And that's the importance of verification. Verification is required under the CDP regime to ensure that whenever the taxpayer is making a payment for an assessment, that everything was validly assessed, the procedural safeguards. So you're not asking us to reach the question of the adequacy of notice. No, Your Honor. Just the question of mootness. Yes, Your Honor. And the reality is, if this is remanded to the tax court, and we are given the supplemental determination that we've requested, the verification may be fine. The lien withdrawal may be fine. The determination may be fine. And maybe at some point, the matter does become moot. At this juncture, it's not moot, because there is... We talked about 6672C, and you said, no, collection case, it's different. But 6603, is 6603 exclusive? Is it the only way to make deposits in a collection setting? I don't think so, Your Honor. Now, why? What authority says, yeah, this remains... Facts and circumstances remains open for making deposits. So the facts and circumstances is essentially common law determination. I don't think 6603, because it applies to a situation where an assessment hasn't been made, I think facts and circumstances are still alive and well for a situation where an assessment has been made. Okay. Let's talk about the second. There are two batches of TFRPs here. Have you effectively conceded liability for the TFRPs assessed in April 2019? Would those have been verification challenges if you had challenged them for a CDP notice, or would they have been a challenge on liability? So I think that question, because there was no real specification on what led to that subsequent determination, it's difficult for me to answer. But going in line with the original TFRP, it wasn't something that we were challenging the underlying liability. So assuming it's in line with that, we wouldn't be challenging the underlying liability. It would once again be a verification challenge. I'm going to ask you about the question again about the adequacy of notice, because we've got a bit of a chicken-and-egg problem here in terms of the validity of the assessment turning on notice. If this is going to go back for the tax court or the appeals board to make a determination on verification about the adequacy of notice, is there anything beyond what's already in the record from the two hearings that would be added? And if the record is complete as to adequacy of notice, why isn't that something that we can address? That I don't know, Your Honor. I can't speak to what appeals and determination would include. You would anticipate that appeals would provide whatever justification there is for the determination. Because the determination was considered inadequate or wasn't a proper determination, I don't know if there's something outside of our record that they would rely upon to say, hey, the notice was actually sent. For instance, I've seen certain situations where they actually have the postal records, and they'll give line by line what the post office did, where it was, and they'll track it that way. I don't recall seeing that in the record. And if that's something that appeals was to obtain and to use for determination, then I can't really speak to whether or not we can at this point make that determination. Thank you. How did Mr. Ahmed get notice of the tax lien? It was mailed to him. And was it mailed to a different address than the notice of the possibility of an upcoming assessment? I don't recall, Your Honor. I don't believe so. But I think that there were some discrepancies in the IRS's files regarding what the address use was. I know that in one of their records they had 5 Clove Lane as the address, and in another one they had 5B. 5B being the proper address. I thought one had 58 Clove Lane. I think 58 Clove Lane was an incorrect address. I'm not that incorrect. Incorrect, yes, Your Honor. My understanding would be 5B. Okay. So the IRS has the corrective or the notice gets to him of the tax lien, but you're saying the notice of the 1153 letter did not get to him. Is that correct? Yes, Your Honor. I think the commissioner has verified that it was returned as undeliverable. And going back to the earlier question that someone asked, if it were remanded, how would you go about showing the court that the notice, the 1153 letter, was never received? Well, at this point, Your Honor, the only thing we have is the declaration, the testimony of the taxpayer. We have that coupled with the IRS's admission that it was returned as undeliverable. So now I think the next step would be for appeals to verify, or to verify the steps that were taken to make sure that it was delivered and that the assessment was proper. Okay. It appears that at some point in 2018, the representative comes into the picture, and then there's communication and mailings sent to that accountant as well. Is there anything in the record that indicates pre-assessment that communications were sent to that representative? Not that I'm aware of, Your Honor. Thank you. Unless you have something else, maybe we'll just get back and give you some extra time if you want to do that. What do you want to do? I just wanted to touch upon one issue quickly on the mootness and what constitutes the doctrine of mootness, right? There's no longer relief that can be given by the court. And I think in this situation, you know, that there is relief that can be granted by the court, primarily with the verification challenge, which can lead to a determination that the assessment wasn't valid, requiring an abatement, or with regard to the withdrawal of the lien. Withdrawal and release of the lien being two very, not very different, but being different concepts, right? It's a difference with a distinction. Well, it would seem to me you would ask for the latter, right, the withdrawal of the lien? Yes, Your Honor. Then what happens? Can the IRS go further and correct things by assessing, or is the time, are they out of time, statute of limitations-wise? I believe they would be out of time, statute of limitations-wise, Your Honor. Okay. And I'll save the rest of my time for rebuttal. All right, thank you. Thank you so much. Mr. Wasserman. Good morning, and may it please the Court, Carl Wasserman on behalf of the Commissioner. Can I just start off with a dumb question? If the tax court found that the IRS was silent in connection with whether there was a proper 1153 letter, and that there were, quote, unexplained anomalies, whatever that means, why not just go back and do it right at that point in time? You wouldn't be here today. Well, Your Honor, the problem is that the tax court, 6672 penalties, there's no original jurisdiction, I'll use that term, in the tax court. The only way we get to the tax court is when he's in collection. Otherwise, we would be in federal district court. He's saying it's a deposit, and the tax court says, you've got some problems on the notice here in connection with the assessment. And my question is not what you just answered. My question is, why didn't you at that point say, okay, we're just going to restart it, we're within the statute of limitations, we'll never have to deal with this issue of whether there was an invalid 1153 letter, because we're going to do it right this time. We're going to send it to the right address, and it's the last known address that we have, and by law we're allowed to send it to that particular address. We'll correct it. I'm not saying you did it. I'm saying somebody else did it. I understand, and I don't have a good answer to that, Your Honor. I don't know why at the administrative level it didn't take that form of trying to correct it early. If that was the case, I mean, I will tell you that I don't think there's been a determination that he didn't. I mean, it came back unclaimed. We don't know how or whether he received that 1153 notice. We don't know. And that was something that I think was going to be resolved on the remand to the tax court before the jurisdiction was mooted by the payment. So how could it be moot in those circumstances? Because mootness is predicated on it being a payment. The payment is predicated on it being a valid assessment. That would have been required that there be a valid notice. And the very issue before the appeals board was, is the notice valid, right? So there's, for the ruling of mootness itself, didn't the tax court need to make an assumption of something that was actually in play at that very time? Well, Your Honor, I'll address it this way. First, in the CDP hearing request, and this is on page A349 of the record, they say several times they're not contesting the lien amount. They only want a payment plan. There's no contention regarding the liability or the amount owed. I'm reading directly from their letter. So I think it's to try to unwind and recreate the history, which is I think what you've heard a little bit of, is not what had happened in this case. Somehow they've admitted there's a lot to do with whether it was a valid notice or not. Judge Krause's question is exactly the right on point. I mean, you have preconditions. And to have a valid assessment, you have to have a notice that's required to do that. And if the notice is invalid, then you don't have a valid assessment until you go back and correct things. If you don't have a valid assessment, you can't have a lien. But there's been no determination that the assessment was invalid. I guess that was the point that I was making. That's exactly right. Okay. So there's been no determination that the assessment was invalid. But the tax court is saying you've got problems. You've got to sort them out. And all you say is we'll just go to the end game and say it was a payment, case closed, and we're going to be silent on anything relating to the notice. And that doesn't fly. Well, Your Honor, I think what we're missing is the piece that says that if you make a payment and the liens are released, the tax court is a creature of Congress's jurisdiction. Congress created jurisdiction for it only to have certain powers. And it doesn't have the power to hear a 6672 case outside of the court. I appreciate that, but you've jumped ahead again. You're assuming that it's a payment. That's the question. Is it a payment or is it a deposit? And that turns on whether there was, in fact, a valid assessment, which rests on the question of whether the notice was valid. So those are open questions. So under those circumstances, why isn't there a live issue before either the tax court or, perhaps more properly, the appeals board? So I think all of the cases that we cited for you, the Wilson in the D.C. Circuit and the tax court's decisions in McDonald and the decisions of the Fourth Circuit in McLean, the assessment is essentially it's a bill, right? It's a bill from the IRS. You've got to start with 6672B1. No penalty shall be imposed under Subsection A unless the secretary notifies the taxpayer in writing by mail to an address as determined under 6212B or in person that the taxpayer shall be subject to an assessment of such penalty. It starts with the notice. That's correct, Your Honor. However, when there still has to be – I think the question here is not can this taxpayer ever challenge the assessment based on lack of notice. That is one of the claims that you make in a collection due process action, right? That is one of the things that you could argue to the tax court. But what happened here is he – as far as I know, and this is our briefing, there's no – once there is an assessment, which there is, now he can challenge whether or not – Once there's a valid assessment. There has to be a valid assessment. I just read to you language that says, in effect, to have a valid assessment, you have to send a notice and that notice was returned. Conceivably, the person actually got notice and he's making something up. But conceivably, he just didn't get the notice. That has to be resolved, does it not? It would have to be resolved, but I think what we're saying is this isn't the forum. We keep saying to you, you can't go to the end game. If he says three times in a letter, it's a deposit. And I realize sometimes people say this will be a deposit and they're just playing games. But here he is saying there is – this is a deposit. You're saying it's just a payment and we're done with it. And you can't skip over. You can't go from first to third and cross Fisher's map. I think, Your Honor, we have to go to what he raised in his petition, what the tax court determined on its remand, and what he did in the intervening time period. And I think whether it's a valid assessment, that is a legal question, but we have – it's possibly done to tell you that he – this was a deposit as opposed to a payment. Okay. So the concept of a deposit does not apply post-assessment. I understand your frustration, Your Honor, because I think what you're – You have to have a valid assessment. It's like – You're familiar with the UCC, and you have creation, attachment, perfection. You can't say my lien is perfected if you don't have proper creation and attachment. It's the same concept here. Your Honor, let me see if this will help answer again, because I think this is really about the jurisdictional issue, about whether the tax court has the jurisdiction. You asked me what he could possibly have done to make this a deposit. What he asked for was, he said, I want to stop the accrual of interest. That was the first thing he said in his letter styling the 6603 bond. And I would mention the fact that they have already acknowledged that it is not a bond under 6603, and I think Judge Crouch, you had asked a little bit about that previously. That's at page A334. The concept of a deposit, it's – Almost all the cases discuss – You're the taxpayer. What would you have done to say that this was a deposit? You're now the taxpayer. What would you have done? Well, first of all, in this particular case, then what I would have said is, under 6603, it would have to be prior to an assessment. See, if I understand that Your Honor's – But it's prior to a valid assessment. Well, I mean, here's – 6603 says the following. And I think this was part of the question that I think that was raised in a footnote in the tax court's opinion. You are the taxpayer here. You found out that there is a lien filed by the IRS. You believe that you did not get notice of the assessment prior to the lien being put into play. I wouldn't make a deposit, Your Honor. I would do exactly what either under 6603 – Well, if I didn't get the notice, I would file a claim for refund. I would file a – I would pay one quarter of the divisible tax. I would file a claim for refund saying that I don't owe that tax. And then if I didn't get relief, I would file suit in the appropriate federal district court or I would file suit in the court of federal claims saying that I shouldn't be liable because I wasn't properly assessed. That's the forum. Why should – what legal authority – well, two questions about legal authority. What legal authority says that you – that the IRS can just take this money and apply it in the face of these book instructions? And maybe this is different. What legal authority says there can't be any deposits post-assessment? Okay. So with respect to the first question, I think they're a bit intertwined. So Rosamond is the Supreme Court case, the classic Supreme Court case that so many of these deposit versus payment cases come from. When you send a check to the Treasury, so the Treasury has a – that gives the IRS the right to apply that money to your tax bill. Section 6603 creates certain procedures with respect to deposits, but the legal authority with respect to pre- and post-assessment, that would be Charles Leisch, this court's decision in Hill v. United States, this court's decision in Fortunio, also in the Third Circuit. Those all follow Rosamond, which say that, again, if you think of an assessment as the bill, the idea of a deposit is when we haven't determined the dollar amount of the bill. So we're disputing in good faith what that bill could ultimately be. I don't want to be subject to interest and penalties. So I deposit the money, and should the court ultimately determine that it belongs to the government, then the government takes it. If it's a deposit and the government determines that it belongs to me, I get it back. That's a deposit, but I won't be accruing the interest. A payment is post-assessment. It's sort of like, and I think that's the example, it's in Hill. Rather than having a three-factor test, you understand factor one to be dispositive. If it's post-assessment, it is automatically a deposit, you think. A payment. A payment. It's automatically a payment. It can never be a deposit. That's correct. And what authority says that? Are we going to be the first court to say that? Well, I don't think you'd be the first court to say that, because I think that follows from Rosenman and from Fortunio. And I would say Fortunio, actually, that's an a force jury argument, because that's where this court held that even pre-assessment can be determined that it's a payment. But why should we not give great weight, if not dispositive weight, to factor two, which I'll bet, I take it you're going to concede. If we do a balancing, factor two weighs solidly in favor of the taxpayer here. The intent was pretty clear from that letter. You're not conceding factor two? Let's assume I read the factor two, okay? Maybe you don't have to concede it.  Why should we say that factor one trumps it? If it's posted that we shouldn't allow, no matter what the person intends, either there's no legal authority or there's no reason to allow the taxpayer to make a post-assessment deposit to make these other challenges that he's making here. So I would give you two answers. The first answer would be, and I think this is what the Supreme Court suggested in Rosenman, a payment is an idea that if I owe you money and I say, okay, here's the money, I owe it to you. But then later I come back and say, well, wait a minute, that was just a deposit. And I'm not giving back what you gave me in exchange. Right here, what the taxpayer got was what he won. He got a release of the lien. There are all kinds of situations. Let's say I give the money to you in trust. You can't then do a set-off if I made it really clear when I gave it to you this is in trust. You know, there's all kinds of rules that govern these things. And you would agree, a trustee can't pull this out and say, oh, I was entitled to just set it off, even though the check said this was supposed to be in trust. So why should the rule be different here? I think the answer partially lies in what the taxpayer communicated. The taxpayer communicated in his letter, which is at 1897, that's when he says I propose this as a bond, and he goes right to 6603. But then on page A334 of the record, he's now said, oh, wait a minute, I agree, it really wasn't a statutory payment because it doesn't apply to this circumstance. If Mr. Aukman's letter, the 1153 letter, was sent to the wrong last note address, did he receive deficient 6672B notice? If it was sent to the wrong address, then yes, I believe so. Well, I think unless he, I believe the statute says if he found it in person. Aren't there just numerous cases that say that the IRS bears the burden of demonstrating compliance with 6672B, and if they don't comply with it, any penalties are not valid? I'm thinking of Bonaventura from the Northern District of Georgia that was affirmed by the 11th Circuit, and there's a host of other cases. So, Your Honor, I think if I understand Your Honor's question, again, I think we're not trying to reach the ultimate merit of the question here. What we're saying is it can't be litigated in this court any longer. We're saying something preempted everything. Even if we gave deficient notice, something preempted it. He made a payment, and he's saying, did you read my letter? It's a deposit. I realize sometimes when there's, like, a valid assessment, and then the taxpayer says, all of a sudden, I'm just going to make a deposit, and you're going, no, no, no, no, it doesn't work like that. But what we're saying, it seems like everything depends on whether there was a valid assessment, and that's the concern that we have here. I understand, Your Honor. Your Honor, so can I, I assume my time has expired, but can I answer your question with reference to 6325? Now, that is the release of lien provision. Now, in order to get the release of a lien, you have to make a payment, and that's what he said he wanted. So I think either Judge Bevis or probably all of you have asked me this question, but the idea about what more could he have done to say it's a deposit or what would suggest to you, because I think Judge Bevis, you said it sounds very strongly like he really wants to say he's made a deposit. The problem is that under 6325, the only way that you can get a release of the lien is to find, it says that the secretary finds that the liability for the amount assessed, together with all interest, has been fully satisfied. The lien is valid by virtue of the preconditions to that lien being put into play correctly. And that's what we're asking you about. I'm not saying you may not win in the end, but you would remand, as the tax court did, in effect, to say, look, you've got to find out, did he get notice at the last known address? He did or he didn't, and they have to make a determination. But isn't that the way to deal with it? You might still win. It sounds to me like if you don't win on this, the statute of limitations is passed. Is that correct? That may very well be true. I don't know whether or not they filed a claim for refund. That was the advice that the tax court put in its opinion. But I want to just focus you on the following. If you look at the letter that counsel for the taxpayer sent, he says, again, he couches it in a bond that he later says it's really not. He also says the clause, what, three times? He may very well. But, again, I would say that's an assertion as opposed to a legal statement. But I understand what troubles you. And I want to see, again, if I can help you out with this. The tax court was considering that question. The tax court, the very question that you're asking, the tax court was considering. But rather than allow the tax court to reach its conclusion, if the tax court had come back and said we couldn't verify this, who knows what would have happened. That's going to be the mystery. The problem is why did he send $625,000 to the treasury? Because he says right in the letter, I mean, it's plaintive. He says it would be best for everybody. I cannot get surety bonds for my business to move on if I have these liens. And so I think that is what's so definitive here, is that the relief that he got was what you get when you pay. That's the relief that he got. Now, had he not paid and the tax court had come and reached the conclusion, maybe the tax court would have reached the conclusion that the notice was valid. We don't know. Because what he did was he divested the forum of the tax court from the ability to hear the rest of that case. That's what we're saying. You're taking issue with whether the letter conveys a true intent or a clear intent to deem this a deposit versus actual payment for purposes of release of the lien. But I want to clarify something you said earlier before we even would be talking about intent, because it sounded like in response to Judge Bevis' question, you were representing the government's position that the facts and circumstances test as we know it, and as the tax court here was applying it, no longer exists, that the only question is whether it's pre- or post-assessment and that the other factors that are traditionally considered as part of that test are not actually part of the test anymore. If we accepted that, wouldn't we be contradicting what the tax court just did in its own analysis? I don't agree, Your Honor, because, first of all, I think part of what the court said is the facts and circumstances test has always been applied pre-assessment. I mean, that is what the tax court said. I'm not prepared to say that it doesn't exist, that one could not devise some method by which a – well, actually, I don't think that the facts and circumstances test exists post-assessment. I think that's true. Why is that? Because the definitive fact would be the assessment. But if the assessment – so we're not putting words – if the assessment was invalid, does that still apply? If the assessment – In other words, if the assessment was invalid, can you still obviate a facts and circumstances test? Well, I think in this case, it's a bit difficult for me to answer that question. I'll tell you why. So the only way to know that it's an invalid assessment is to have reached that conclusion at the end. That's when we would know if it was valid or not. I don't understand how the concept of a deposit works after the – I mean, that's the problem. After the assessment, we haven't seen a single case that says that one could make a deposit after an assessment. Because the whole point of it is if we don't know – we don't know what the ultimate bill is going to be. Here, we have a situation where we're reaching a legal conclusion that, again, absent the payment – for example, if this taxpayer had not sent in a penny and litigated – if he really were litigating the validity assessment, then he wouldn't have had to pay a penny at the conclusion. But the problem is he was in a collection action. That's the point. There were liens on the property that he wanted to be removed. And you can't – I mean, Your Honor, if that's the case, why couldn't anybody say, well, look, we're litigating my assessment. I'm challenging. I don't think it's valid. I don't think the IRS should be allowed to put liens on my property because we haven't reached a conclusion about whether or not this is a valid assessment. Once again, you come back to the UCC context. So a secured lender in a UCC context said, look, we put the lien on. Too bad. It's there. Who cares what happened before? And it doesn't work that way. It doesn't work that way. You have to follow the rules here. And the rules look like that you have to give a notice before you do an assessment and then after the assessment a certain time passes and you can put the lien on. It's really boom, boom, boom. And if the chain is cut, you've got a problem. But didn't that happen here? I mean, that is to say they sent out a letter, 1153 letter, which they believed went to the right address. Again, there has been no decision about whether it did or didn't. But there certainly are a lot of questions raised by the tax court. That is true. But like I said, I think our argument here is less about the ultimate conclusion of that question but whether that can now be resolved in the tax court given the fact that we think every legal authority says that this was a payment. The liens were released. And again, as I think I said, the way you get the liens released is to pay. Or if there's a definitive answer by the IRS that you don't owe the money. And in this case, that's what happened. He was released from the lien. There was no collection action. And there was no – his balance is now zero. Right? His balance on the tax liability is zero because that's what happens when you pay. Well, that begs the question. You treated it as a payment, right? That's correct. It puts a rabbit in a hat. I mean, that's what we're trying to figure out. Even if it was a valid assessment, why wouldn't we be applying a facts and circumstances test to determine whether something that is a remittance afterwards is a deposit or a payment? And if it is, in fact, a deposit under that test, then at a minimum shouldn't the IRS be returning it to the taxpayer and saying you can't send in a deposit at this point? So the question about whether – so Congress, again, gave – when people – I'm sure people send money into the IRS, they're receiving lots of checks all the time, and trying to figure out how to apply them, and the standaway of a payment – and I think that's, like I said, the ballistic case I gave you – say here's what we think is a payment. But all of those – all of the disputed issues are pre-assessment. The point of the Congress passing 6603, which is the provision for putting up a deposit. And there's a revenue procedure, 2005-18. Congress and the IRS have thought a lot about this. How do you handle this, and how do we treat this? And I think your question about, well, should someone at the IRS, when they got this, and said, well, gee, what do you want us to do about this? It's not clear to me. Your Honor, I don't have – I would love to be able to tell you that I know exactly how I would have responded, or how someone else would respond. The easy response, if you could go back in time, is let's just correct the notice, start all over while we're within the statute of limitations, because this guy owes $625,000 in taxes for employees that he should have paid, period. But we're dealing in a statutory-slash-regulatory framework, and that framework tells us what we can and can't do, and we're having a problem. I understand, Your Honor. I think it will all, for me, the best way I can communicate to you is, we think the tax court's jurisdiction is really constrained by the statute here, and the statute is 6330. The tax court didn't seem to think that. The tax court thought, you've got a problem. Go find out what happened. You've got the wrong zip code, you've got the wrong address, et cetera, and the guy says he didn't get notice. And, Your Honor, those are all very legitimate questions. The problem is, and as I understand, those were being discussed. And it sounds like the IRS at the tax court, if I were to take a guess, was just silent on this. And also, whatever was said caused the court to say there were unexplained anomalies, which means you ain't convincing me, dude. Your Honor, I am not advocating that we got it right. I don't know what happened. I'm not trying to tell you that we did everything right at the notice of the 1153, because I don't know. I think the point here is that was something that was being discussed at the tax court on the remand. I mean, that's part of what I think the collections due process is supposed to do. It's supposed to give a taxpayer who's facing collection the ability to ventilate those issues. In this case, we believe that the statute, the language of the statute, and the case law is pretty clear that this was a payment. I just also want to make one other, if I could just. And all of us are pushing back on that. I understand. What's your plan B? So I would say the following. First, you know, Congress in 7421, that's the tax anti-deficiency, anti-injunction act, that you can't sue to stop collection of a tax. It has specific exceptions in there. And the procedures, one was I think, and I'll go back to the question about, that the court had asked in writing. That is specifically accepted, 6672C. And the CDP procedures in this 6331I is also specifically accepted. And I think perhaps what should give you pause is the fact that what then, if Congress says you can't sue to stop this collection, what would prevent any taxpayer from saying, well, gee, I don't really fall under this statute. I don't really fall under that statute. But I think I have enough to say that I don't want, that I have challenged enough here to get the tax outside of the statutory context to block a suit. And I think that's just something else to be aware of. You brought in at least two other sections that weren't mentioned previously. And it looks to me like you got a result searching for a reason. Well, Your Honor, I only mention that because I think that was in response to what the court was asking me with respect to what constrains, what would constrain the decision. Like I said, I understand this court is very skeptical of the notice issue. But again, I'm not trying to tell you not to pay because I think the tax court was. And I think that was something that was in the course of litigation. But I think that was just something that is cut short by the payment. I understand your argument. Thank you very much. Thank you, Your Honor. I realize we went way over for you. I'm sorry? I realize we went way past the time. I got plenty of time. Thank you. All right. Mr. Colasato, do you have anything to add? I do, Your Honor. Just a few quick points. You sure about that? Very briefly, Your Honor. I just want to make it clear that this CDP context, what we're discussing, I can't think of a situation where a CDP hearing isn't in response to an assessment. So the government's position is now that in any CDP context, there is no ability to submit a deposit. And I don't know that that can be the right answer. And with regards to liability, my understanding is that there wasn't a trust fund challenge. But that doesn't include a challenge to the interest. And part of the verification, 6303A, is the notice in demand for payment requirement. Interest begins to run 21 days after the notice has been issued. If the interest is incorrect, I think the taxpayer is entitled to know that. I think the taxpayer is entitled to recoup incorrect interest. So it's not a matter of the bill being paid. The bill may be wrong. The calculation of the bill may be wrong. We're not saying the underlying employment tax was wrong. But the interest from that may be incorrect. And with that, if there are no other questions. Thank you. I've got just one question. So we have heard from Mr. Wasserman about a way to read the letter because it is requesting release of the lien as indicating that what has been remitted is a payment. It's necessarily a payment because that's the only way to release the lien. What's your answer to that? Well, Your Honor, the request is for the withdrawal. Withdrawal has nothing to do with the payment of lien. It doesn't say either. Alternatively, Your Honor, alternatively, and I don't have the statute in front of me. I do apologize. My understanding was that there were other ways to release a lien other than payment. But, again, I can't verify that at this moment, Your Honor. But the goal was that the bond would take the or the deposit would take the place of the payment with regards to releasing the lien. The purpose of the lien is the government's rights. If the money is in the government, if the full tax is in the government's hand, what are they protecting against? So either way, regardless of the further calculations on interest and the verification, right, because that would moot out everything. But so long as the government has the money, the lien should be, if not withdrawn, then released. But it has the money. It's not in the form of a deposit, right? I mean, that would have to be payment for release of the lien. I mean, if that's what you wanted and that's what your client thought he was doing with that letter, that affects the intent element of a facts and circumstances test. And maybe all you're really asking about is, you know, is the hearing on interest and verification to the extent it relates to interest. Well, I think the release was secondary, and I also think the release was in accompaniment to the other requests, the remittance requests. I'm sorry, the verification requests. To the extent that verification was satisfied and withdrawal is inappropriate, then here's the money.  But there were other things that we requested before that, verification and withdrawal. This was, you know, kind of a ducks in a row type of situation. We want this lien ultimately removed. We're asking for verification that it's valid. If it's invalid, then you remove the lien because it has to be abated. If it's valid, then we're asking for withdrawal. If you don't think withdrawal is appropriate, great. It's a valid liability. You have the payment. Release the lien. And maybe it wasn't as clearly laid out in the letter as that or that being the intent, but that would be the intent, Your Honor. You're suggesting that the IRS should take from the letter that it should happen in that sequence? Or were you putting in the letter the possibility that the IRS could opt for treating it as a payment and releasing the lien on that basis, but you would go forward and, I mean, there's concurrent jurisdiction or we can talk some about that as to the interest, but that you would then just challenge the interest. Is the letter properly read to offer that up to the IRS? I don't think the letter can be read in a way that says, here's a payment, release the lien, because of the verification and the withdrawal request. I mean, releasing the lien ignores our withdrawal request, which the tax court said they can't do. Regardless of whether or not release is appropriate, there's still a situation where withdrawal is appropriate. And I know the IRM is not law, but the IRS does have a policy of once liability is paid and it's released, they can still withdraw. So regardless of the payment and the release, the withdrawal request must be dealt with. And that's what we've requested. So I don't think there is an interpretation where they could say, I'm going to ignore the withdrawal because you have a release, because withdrawal is always something that should be considered or must be considered. Can withdrawal be challenged afterwards? Challenging the subsequent proceeding? Even if there is a payment and a release? Once appeals has jurisdiction, I don't think so, Your Honor. I don't think we could. If appeals ignores your withdrawal request, I don't think you could make a separate and new withdrawal request. I think appeals has the issues in front of them, and that's something that they have to deal with. I don't think that it can be re-raised. Thank you both. Thank you, sir. I would ask that a transcript be prepared of this oral argument and just split the cost. Yes, thank you, Your Honor. Thank you to both counsel, and we'll take the matter.